IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REDBOX AUTOMATED RETAIL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> XPRESS RETAIL LLC, <br><br> Defendant. | No. 1:17-cv-05596 <br><br> Judge: Hon. Gary Feinerman <br> Magistrate: Hon. Finnegan |

**JOINT INITIAL STATUS REPORT AND PROPOSED SCHEDULE GOVERNING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff REDBOX AUTOMATED RETAIL, LLC ("Redbox" or "Plaintiff"), by and through its counsel, and Defendant XPRESS RETAIL LLC ("DVDXpress" or "Defendant"), by and through its counsel, for their Joint Initial Status Report and Proposed Schedule Governing Plaintiff's Motion for Preliminary Injunction, state as follows:

**A.     Case Status**

1. Plaintiff filed its Complaint (DE 1) on July 31, 2017.

2. Plaintiff filed its Preliminary Injunction Motion (DE 24) on August 28, 2017.

3. The Court held a scheduling conference on September 7, 2017 and directed the parties to submit an agreed-upon case scheduling order for the Motion (DE 28).

4. DVDXpress filed its Answer and Counterclaims (DE 29) on September 11, 2017.

**B.     Proposed Schedule for Preliminary Injunction Motion and Discovery**

1. The parties propose the following schedule for expedited discovery and briefing, in connection with the Motion:

| Event | The Parties' Proposal |
|---|---|
| Service of limited targeted document requests and targeted interrogatories | September 12, 2017 |
| Service of responses to document requests and interrogatories and document production | September 29, 2017 |
| DVDXpress' response to the Motion | October 19, 2017 |
| Redbox's reply to the Motion | October 26, 2017 |

**C.** **Agreed Upon Aspects of Preliminary Injunction Motion Discovery Protocol**

1. The parties agree to work in good faith to engage in limited expedited discovery tailored to the issues related to the Motion.

2. The parties agree to serve no more than ten (10) targeted requests for documents and ten (10) targeted interrogatories. The interrogatories will count towards the discovery limits set forth in the Fed. R. Civ. P. 33.

3. After production is complete, the parties agree to discuss in good faith the necessity of a Rule 30(b)(6) deposition for each party with an agreement that any noticed topic will not be able to be re-noticed in connection with any subsequent Rule 30(b)(6) depositions.

4. The parties agree that no other written discovery may be propounded until after the parties serve their respective Mandatory Initial Discovery, including associated document production. The parties agree that they shall not be obligated to provide their respective Mandatory Initial Discovery (including associated document production) until after the Court rules on the Motion. The parties have a dispute as to the specific timing. *See* Section C(2).

5. The parties agree to leave it to the Court's discretion as to the need for an evidentiary hearing on the Motion.

C.    **Contested Aspects of Preliminary Injunction Motion Discovery Protocol**

    1.    Defendant proposes that the expedited document requests will not seek any email. Instead, Defendant proposes that the parties can pursue email in specific Email Requests once discovery resumes after the Motion is decided and in accordance with an agreed to ESI Protocol. To date the parties have been unable to reach an agreement regarding an ESI Protocol. Specifically, the parties have a fundamental disagreement regarding how to request and process responsive email. Defendant's proposal closely tracks the Northern District of Illinois - LPR ESI 2.6 (Email Production Requests). DVDXpress believes such an approach would limit the staggering burden and expense associated with Plaintiff's proposal on an expedited basis. Plaintiff disagrees and proposes that emails be produced in response to the expedited document requests. Plaintiff also disagrees that the unique procedures for email production described in Local Patent Rules for Electronically Stored Information 2.6—which only applies to patent cases—are appropriate or reasonable for this case, which involves claims of false advertising and trade dress / trademark infringement under the Lanham Act. At this juncture, Defendant's unfounded concerns regarding the purported "staggering burden and expense" associated with producing email are premature, particularly as email may be especially relevant to the asserted claims and defenses at issue here.

    2.    Defendant proposes that that the parties shall not be obligated to provide their respective Mandatory Initial Discovery (including associated document production) until twenty-eight (28) days after the Court rules on the Motion. Plaintiff proposes that the parties' Mandatory Initial Discovery be produced fourteen (14) days after the Court rules on the Motion.

    3.    Plaintiff proposes that the Court set a mutually agreeable date for the evidentiary hearing (if any is required) at the status hearing on September 14, 2017. Plaintiff proposes that any evidentiary hearing be held the week of November 6, 2017. Defendant proposes the Court

set a status hearing after briefing regarding the Motion is complete to discuss the need of an *evidentiary* hearing and if so, the timing (date and amount of time).

| | |
|---|---|
| RESPECTFULLY SUBMITTED, | Respectfully submitted, |
| REDBOX AUTOMATED RETAIL, LLC | XPRESS RETAIL LLC |
| By: /s/ Thomas R. Dee<br>One of Its Attorneys | By: /s/ Steven E. Jedlinski<br>One of Its Attorneys |
| Thomas R. Dee<br>Nicole J. Wing<br>John K. Burke<br>Vedder Price P.C.<br>222 North LaSalle Street<br>Suite 2600<br>Chicago, Illinois 60601-1003<br>T: +1 (312) 609-7500 | R. David Donoghue<br>Steven E. Jedlinski<br>Anthony J. Fuga<br>Holland & Knight LLP<br>131 S. Dearborn<br>30th Floor<br>Chicago, Illinois 60603<br>T: 1 (312) 263-3600 |
| September 12, 2017 | September 12, 2017 |

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record on September 12, 2017

                                            */s/* Thomas R. Dee
                                            Thomas R. Dee